996 F.2d 1217
 Pens. Plan Guide P 23884X
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl TAYLOR, Sr., Plaintiff-Appellant,
v.
CENTRAL STATES, Southeast and Southwest Areas Pension Fund
and the Trustees Thereof, Defendants-appellees,
 No. 92-1350.
 United States Court of Appeals, Sixth Circuit.
 June 3, 1993.
 
 Before MERRITT, Chief Judge, and JONES and NELSON, Circuit Judges.
 MERRITT, Chief Judge:
 
 
 1
 Plaintiff Carl Taylor appeals from a summary judgment upholding the denial of his claim for pension benefits by the Trustees of Central States, Southeast and Southwest Areas Pension Fund ("Fund"), pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1132(a)(1)(B). The Trustees denied his claim for benefits after determining that he lacked the contractually required ten years of contributions to the fund. The Supreme Court held in Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101 (1989) "that a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Id. at 115 (emphasis added). The parties agree that the Trustees were given this discretion by the terms of the Central States Fund, so the arbitrary and capricious standard of review is applicable to their decision. Because the record clearly supports the decision that Mr. Taylor had fewer than ten years of contributions, we affirm the grant of summary judgment.
 
 I.
 
 2
 The Fund is administered by an equal number of employers and employees of the teamster industry appointed to the Board of Trustees. The fund provides pension benefits for teamster employees working under collective bargaining agreements that require their employers to contribute to the fund. Mr. Taylor applied to the fund for benefits on September 24, 1985. His application listed all of his employers from 1948 until 1985.
 
 
 3
 Article IV, Sec. 4.01(a) of the Plan outlines the eligibility requirements for receipt of the "Twenty-Year Service Pension":
 
 
 4
 (a) To become eligible for the Twenty-Year Service Pension, an Active Participant must meet each of the following requirements at the time he stops working in Covered Service or becomes an Inactive Participant:
 
 
 5
 (1) he must have reached at least his 57th birthday; and
 
 
 6
 (2) he must have at least 20 years of Service Credit; and
 
 
 7
 (3) he must have met the Minimum Contribution Requirement.
 
 
 8
 The "minimum contribution requirement" for Mr. Taylor was ten years of "contributory service," i.e., years in which contributions were made on his behalf.
 
 
 9
 During the initial processing of his application, the pension fund staff determined that their records showed only 7.675 years of contributions to the fund on Mr. Taylor's behalf. The Trustees reviewed Mr. Taylor's application for the first time on July 16, 1986. They agreed with the staff findings. The Trustees notified Mr. Taylor that his application had been denied.
 
 
 10
 In October, 1988, Mr. Taylor filed suit in federal court, claiming that he was improperly denied benefits. He charged a number of errors by the Trustees, but we limit our discussion to a review of his dispositive claim that in addition to the 7.675 years of contributions from C.R. Taylor, contributions were made by other employers which would have given him more than 10 years of contributory service.[1] Mr. Taylor claimed that the failure to fully inquire about other contributions rendered the Trustees' decision arbitrary and capricious.
 
 
 11
 After some preliminary decisions by the district court, the parties stipulated to a voluntary dismissal of the complaint without prejudice on the condition that the Trustees would conduct a de novo review of Mr. Taylor's application. The Trustees conducted this review on August 30, 1990. They reviewed all of Mr. Taylor's allegations from his complaint. They checked the funds records as well as those of the Social Security Administration in order to determine Mr. Taylor's union and employment status for all of the years of service claimed on his application. They also examined the evidence submitted by Mr. Taylor, primarily in the form of affidavits. The Trustees determined that the evidence as a whole supported their earlier finding that Mr. Taylor was not entitled to the pension. The Trustees issued an eleven page report of the minutes of the meeting where Mr. Taylor's case was considered with detailed explanations of their decision with respect to each question of fact.
 
 
 12
 Mr. Taylor was notified that his application had been denied again. He then petitioned the district court to reinstate his complaint. This motion was granted by order on February 25, 1991. The district court granted summary judgment in favor of the fund on February 3, 1992. This appeal followed.
 
 II.
 
 13
 We review the grant of summary judgment de novo applying the same "arbitrary and capricious" standard as the lower court. See, E.E.O.C. v. University of Detroit, 904 F.2d 331 (6th Cir.1990). The Central States plan clearly vests discretionary authority in the Trustees. Article IV, Sec. 17 provides: "The Trustees are vested with discretionary and final authority in construing plan documents of the Pension Fund." We are only concerned then with whether material issues of fact remain which if resolved in plaintiff's favor would indicate that the Trustees decision was arbitrary and capricious. Miller v. Metropolitan Life Ins. Co., 925 F.2d 979, 984 (6th Cir.1991). If not the Trustees are entitled to judgment as a matter of law.
 
 
 14
 Mr. Taylor fails to satisfy his burden with respect to the Trustees' decision that he had fewer than ten years of contributory service because his evidence disputing this finding does not indicate that the Trustees' decision was arbitrary and capricious. He argues that the affidavit of Ingeburg M. Rettberg establishes that contributions were made for him by Rettberg, Inc. and Sumark Sand from 1964 to 1971. The Trustees considered this affidavit and were unpersuaded. They note that Mr. Rettberg offered no documentation with this affidavit, nor did he state the basis of his knowledge. The fund records showed that contributions were made on Mr. Taylor's behalf but only to the related health and welfare fund, not to the pension fund. The conclusion by the Trustees that their records were more reliable than Mr. Rettberg's memory does not appear arbitrary and capricious. The only other affidavits offered to support Mr. Taylor's claim that other contributions were made were offered on information and belief. No documentation was offered to counter the plan's records.
 
 III.
 
 15
 Viewing the evidence in the light most favorable to the plaintiff Mr. Taylor has made no showing and raised no issue of fact indicating that more than 7.675 years of contributions were made. Therefore, we AFFIRM the district court's grant of summary judgment for the defendants.
 
 
 
 [1]
 In addition to the 7.675 years of contributions made by C.R. Taylor, plaintiff claims that the following contributions were made or should have been made on his behalf
 (1) 6.5 years of contributions by Rettberg, Inc. from 1965 to 1971.
 (2) 1.5 years of contributions by Sumark Sand, Inc. from 1964 to 1965.
 (3) 5 years of contributions by C.R. Taylor from 1958 to 1963.